# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_Jean Baranowski _____          9th Cir. Case No. _24-7164__

Appellant(s),

                               District Court or 5:24-cv-02483-JGB-SP

vs.                      BAP Case No. __N/A ____


DEUTSCHEBANKNATIONAL TRUST CO

_____

Appellee(s).

## APPELLANT'S INFORMAL OPENING BRIEF

*(attach additional sheets as necessary, up to a total of 50 pages including this form)*


**JURISDICTION.** This information helps the court determine if it can review your case.

1.    Timeliness of Appeal:

    a.   What is the date of the judgment or order that you want this court to review? _November 22, 2024 (Doc. 12)

    b.  __NO_____

    c.   Did you file any motion, other than for fees and costs, after the judgment was entered? Answer yes or no:    NO _____

        • If you did, on what date did you file the motion? _____

        • For prisoners or detainees, what date did you give the motion to prison authorities for mailing? _____

        • What date did the district court or bankruptcy appellate panel (BAP) decide the motion that you filed after judgment? _____

9th Cir. Case No. _____                                    Page 2

    d.  What date did you file your notice of appeal? __November 25, 2024.

        • For prisoners or detainees, what date did you give your notice of
          appeal to prison authorities for mailing? _____

**FACTS.** Include all facts that the court needs to know to decide your case.

2.    What are the facts of your case?
       SEE SEPARATE PAGE (S)

9th Cir. Case No. _____                                     Page 3

**PROCEEDINGS BEFORE THE DISTRICT COURT OR THE BAP.** In this section, we ask you about what happened before you filed your notice of appeal with this court.

I filed my complaint in the U.S. District Court for the Central District of California (Case No. 5:24-cv-02483-JGB-SP) on November 19, 2024. On the same day, I filed a motion for Temporary Restraining Order (TRO) to stop the foreclosure sale and an application to proceed in forma pauperis (IFP) due to financial hardship as an elder.

On November 22, 2024 — 3 days later — the magistrate judge denied the IFP application, denied the TRO, and dismissed the entire complaint with prejudice for "fails to state a claim" (Doc. No. 12). The dismissal was **sua sponte** (on the court's own motion) — no motion to dismiss from Defendants, no hearing, no opportunity to amend. There was no summary judgment or trial.

There was no bankruptcy appellate panel (BAP) involvement — this appeal is directly from the district court's final judgment.

This early dismissal denied me a day in court, violated due process (5th Amendment), and was an abuse of discretion (no leave to amend, no hearing on the TRO). The errors were materially harmful — I lost my home to wrongful foreclosure, suffered $83,000+ in lost rent, homelessness, and severe emotional and financial distress as an elder. The dismissal occurred before the bankruptcy fraud emerged in March 2025, where DB/PHH colluded with squatters, and the BK was dismissed on December 9, 2025 (Exhibit F), confirming no title passed and the judge reprimanded them.

3.What did you ask the district court or the BAP to do—for example, did you ask the court to award money damages, issue an injunction, or provide some other type of relief?

I asked the district court to grant the following full relief requested in the complaint: (1) quiet title declaring me the rightful owner of 107 Cachanilla Court, Palm Desert, CA 92260 and restoring full legal title to me; (2) declaratory judgment that the 2018 assignment and all subsequent transfers/assignments are void ab initio, the chain of title is irreparably broken, the

9th Cir. Case No. _____ Page 4

loan is unsecured, and Deutsche Bank/PHH never acquired any beneficial interest or authority to foreclose; (3) temporary restraining order and permanent injunction immediately halting any foreclosure sale, eviction, or further collection activity on the Property; (4) compensatory damages for fraud, wrongful foreclosure, and all economic losses; (5) treble damages and attorney fees for elder financial abuse under Welfare & Institutions Code § 15657.5; (6) punitive damages for willful and oppressive misconduct, collusion, and bad-faith conduct; (7) damages for lost rent exceeding $83,000 plus interest and late fees; (8) rescission and cancellation of all fraudulent loan documents, modifications, and assignments; (9) relief under TILA for failure to disclose transfers and violations of § 1641(g); (10) relief under California Unfair Competition Law (Bus. & Prof. Code § 17200) for unlawful, unfair, and fraudulent practices; and (11) any other equitable or legal relief the Court deems just and proper. There was no BAP involvement.

The district court denied all relief by dismissing with prejudice on November 22, 2024 (Doc. No. 12) — without a hearing. This caused material harm (lost home, $83K rent, homelessness, elder stress).
3.

4. What legal claim or claims did you raise in the district court or at the BAP?
I raised the following legal claims in the district court (Case No. 5:24-cv-02483-JGB-SP) against Deutsche Bank National Trust Company, PHH Mortgage Corporation, and Western Progressive LLC

I raised the following legal claims in the district court: (1) Quiet Title and Declaratory Judgment that I am the rightful owner of the Property and that the 2018 assignment and all subsequent transfers are void ab initio due to broken chain of title and securitization defects; (2) Fraud and Fraud in the Factum (Civil Code § 1571); (3) Elder Financial Abuse (Welf. & Inst. Code § 15610.30); (4) TILA violations including failure to provide notice of transfer under 15 U.S.C. § 1641(g); (5) Wrongful Foreclosure (Civ. Code § 2924); (6) Unfair Competition under Bus. & Prof. Code § 17200; (7) Request for injunctive relief (TRO and permanent injunction to stop foreclosure); and (8) Damages including compensatory, punitive, treble damages for elder abuse, and lost rent. There was no BAP involvement

9th Cir. Case No. _____                                          Page 5

There was no bankruptcy appellate panel (BAP) involvement — this appeal is directly from the district court's final judgment.

5.     **Exhaustion of Administrative Remedies.** For prisoners, did you use up all administrative remedies for each claim before you filed your complaint in the district court? If you did not, please tell us why.

**No** — this requirement does not apply to my case. I am **not a prisoner**, and this is **not** a prisoner civil rights action under the Prison Litigation Reform Act. This is a civil action for wrongful foreclosure, mortgage fraud, void assignments, unfair business practices, and elder financial abuse against private lenders and servicers (Deutsche Bank, PHH Mortgage, Western Progressive). There are **no administrative remedies** to exhaust for these claims.

**PROCEEDINGS BEFORE THE COURT OF APPEALS.** In this section, we ask you about issues related to this case before the court of appeals and any previous cases you have had in this court.

There was no bankruptcy appellate panel (BAP) involvement — this appeal is directly from the district court's final judgment (Doc. No. 12, November 22, 2024). I am asking the Ninth Circuit to review the following issues:

What issues are you asking the court to review in this case? What do you think the district court or the BAP did wrong?

There was no bankruptcy appellate panel (BAP) involvement — this appeal is directly from the district court's final judgment (Doc. No. 12, November 22, 2024). The district court erred by

9th Cir. Case No. _____                                    Page 6

dismissing the case sua sponte with prejudice only 3 days after filing, without service on Defendants, without any hearing, and without granting leave to amend. I am asking the Ninth Circuit to review the following issues: 1. Abuse of discretion in dismissing with prejudice without leave to amend or hearing Dismissed with prejudice for "fails to state a claim" (Doc. No. 12) — sua sponte, only 3 days after filing, without service, response, or hearing. The affidavit (Exhibit A) cured vagueness. Leave to amend should be freely given unless futile (Foman v. Davis (1962) 371 U.S. 178) — this was not futile. Abuse of discretion (Eminence Capital v. Aspeon (2003) 316 F.3d 1048). See also Lopez v. Smith (9th Cir. 2000) 203 F.3d 1122 (en banc) (leave to amend must be granted with extreme liberality for pro se litigants unless amendment would be futile); Jones v. Blanas (9th Cir. 2004) 393 F.3d 918 (district courts abuse discretion by denying amendment where deficiencies can be cured). 2. Violation of due process — no day in court Dismissed, denied TRO, denied IFP without serving Defendants or allowing any response or hearing. This denied due process (5th Amendment, Mathews v. Eldridge (1976) 424 U.S. 319). The Ninth Circuit is extremely pro-se friendly. Pro se pleadings and briefs are liberally construed (Erickson v. Pardus (2007) 551 U.S. 89) — yet the district judge failed to do so. See also Brown v. Roe (9th Cir. 2003) 279 F.3d 742 (pro se litigants entitled to notice and opportunity to be heard before sua sponte dismissal); Rand v. Rowland (9th Cir. 1998) 154 F.3d 952 (en banc) (due process requires meaningful hearing before deprivation of property rights). 3. Misapplication of TILA § 1641(g) and trustee exemption Said the 2018 assignment transferred only beneficial interest — no disclosure required (citing Cheatham). Cited Vargas for trustee exemption. This is wrong — assignment void (no transfer occurred), exemption only for valid trustees (Glaski v. Bank of America (2013) 218 Cal.App.4th 1079; Yvanova v. New Century Mortgage (2016) 62 Cal.4th 919). Beneficial interest transfer triggers § 1641(g) (Jester v. CitiMortgage, Inc. (C.D. Cal. 2012) 2012 WL 3560914). See also Talaie v. JPMorgan Chase Bank, N.A. (9th Cir. 2016) 668 F. App'x 275 (TILA disclosure obligation applies to any transfer of beneficial interest); Gale v. First Franklin Loan Servs. (9th Cir. 2012) 701 F.3d 1267 (trustee exemption does not apply where assignment is void ab initio). 4. Ignoring securitization defects and void assignment Ignored affidavit proving no proper transfer to the trust (no endorsement, no delivery, no recorded assignment before 2007 closing). Trust never acquired rights — those rights cannot be transferred to DB. Assignment of DOT without debt creates no right (Civ. Code § 2936; Pribus v. Bush (1981) 118 Cal.App.3d 1003). Loan void and unsecured — no authority to foreclose (Civ. Code § 2924). She was supposed to notice this from the complaint and affidavit — she didn't (Fed. R. Civ. P. 12(b)(6)). See also Glaski v. Bank of America (2013) 218 Cal.App.4th 1079 (late assignment to closed trust is void under New York EPTL § 7-2.4); Yvanova v. New Century Mortgage (2016) 62 Cal.4th 919 (borrower has standing to challenge void assignments); Naranjo v. Deutsche Bank Nat'l Trust Co. (9th Cir. 2014) 751 F.3d 965 (securitization defects render note unenforceable). 5. Ignoring bad faith, fraud, and elder abuse Dismissed without considering the pattern: refusal to surrender, unrequested 2020 mod, 11 foreclosure halts, BK collusion with squatters/Sonita. In March 2025 — after dismissal — DB/PHH allowed Taurean Wright to pay off my loan, listed Sonita Anderson as debtor on my loan, added my name without consent. BK judge reprimanded them — dismissed December 9, 2025 (Exhibit F), confirming no title passed. Squatters took my rent to "buy" my house at fraudulent foreclosure — they live rent-free while I'm homeless. This is deliberate elder abuse (§ 15610.30) and fraud (§ 1572). The dismissal was prejudicial — she denied me the chance to amend and prove the full harm. See also Civ. Code § 1572 (fraud by concealment); Welf. & Inst. Code § 15657.5 (treble damages, attorney fees for elder financial abuse); In re Tamecki (3d Cir.

9th Cir. Case No. _____                                                Page 7

2000) 229 F.3d 205 (bad-faith serial bankruptcy filings warrant dismissal and sanctions); 11 U.S.C. § 1307(c) (bad-faith filing as cause for dismissal). **Appellant further requests that this Court remand with instructions to the district and bankruptcy courts to issue an injunction barring Taurean Wright and any non-owner parties from filing additional bankruptcy cases on this loan or property for a period of at least 2 years due to repeated bad-faith filings.** The errors were materially harmful — lost home, $83K rent, homelessness, elder stress — not harmless error. The errors were preserved by the complaint, affidavit, and timely appeal. Reverse and remand for trial, with instructions to consider all claims and evidence. **DB/PHH had ZERO legal right to let Taurean use my loan # to block the foreclosure by filing BK #6:26-bk-11284-SY (2/24/2026) — only the true secured creditor can trigger § 362 stay; Taurean has no interest in the note/property and this is false filing/bad-faith under § 1307(c). PHH allowing him to stop the foreclosure is collusion and abuse of process.**

6.

7.     Did you present all issues listed in Question 6 to the district court or the BAP?
       Answer yes or no: YES _____

       If not, why not?
All issues raised on appeal were presented to the district court in my complaint, supporting affidavit, TRO motion, and IFP application (filed November 19, 2024). Specifically

- Abuse of discretion in dismissal without leave to amend — raised in complaint (requesting leave to amend if needed) and affidavit (curing evidence ignored).
- Violation of due process — raised in complaint (denial of day in court) and TRO motion (irreparable harm without hearing).
- Misapplication of TILA § 1641(g) — raised in complaint (TILA claim, void assignment).
- Ignoring securitization defects and void assignment — raised in complaint (void 2018 assignment, unsecured loan) and affidavit (Exhibit A — no proper transfer, no endorsement, no delivery).
- Ignoring bad faith, fraud, and elder abuse — raised in complaint (fraud, elder abuse, UCL claims) and TRO motion (ongoing harm).

9th Cir. Case No. _____                                      Page 8

The magistrate dismissed before I could amend to include later events (2020 mod details, BK fraud) — but the core issues were preserved by the filings and timely appeal.

No BAP involvement — direct appeal from district court's final judgment.

8.      What law supports these issues on appeal? (You may refer to cases and
        statutes, but you are not required to do so.)

1. Abuse of discretion in dismissing with prejudice without leave to amend o Fed. R. Civ. P. 15(a) — Leave to amend "shall be freely given when justice so requires." o Foman v. Davis (1962) 371 U.S. 178 — Leave to amend should be freely given unless futile, bad faith, undue delay, or prejudice. o Eminence Capital v. Aspeon (2003) 316 F.3d 1048 — Denial of leave to

9th Cir. Case No. _____                                      Page 9

amend is abuse of discretion if amendment can cure deficiencies (my affidavit cured vagueness). 2. Violation of due process — no day in court o Fifth Amendment — No deprivation of property without due process. o Mathews v. Eldridge (1976) 424 U.S. 319 — Due process requires a meaningful opportunity to be heard before property deprivation. o Erickson v. Pardus (2007) 551 U.S. 89 — Pro se pleadings must be liberally construed. 3. Misapplication of TILA § 1641(g) and trustee exemption o 15 U.S.C. § 1641(g) — Requires disclosure of transfer of mortgage loan within 30 days. o Jester v. CitiMortgage, Inc. (C.D. Cal. 2012) 2012 WL 3560914 — Transfer of beneficial interest triggers disclosure. o Vargas v. JP Morgan Chase Bank (2014) 30 F. Supp. 3d 945 — Trustee exemption applies only to valid trustees (inapplicable here because assignment is void). 4. Ignoring securitization defects and void assignment o Civ. Code § 2924 — Only the true beneficiary can foreclose. o Civ. Code § 2936 — DOT follows the note; assignment of DOT without note is null. o Cal. Com. Code § 3301 (UCC § 3-301) — Only holder of the note can enforce. o Cal. Com. Code § 3203 (UCC § 3-203) — Transfer requires endorsement and delivery. o Glaski v. Bank of America (2013) 218 Cal.App.4th 1079 — Assignment after trust closing date is void. o Yvanova v. New Century Mortgage (2016) 62 Cal.4th 919 — Borrowers have standing to challenge void assignments. o Pribus v. Bush (1981) 118 Cal.App.3d 1003 — DOT without note is worthless. 5. Ignoring bad faith, fraud, and elder abuse o Civ. Code § 1572 — Fraud (false representation, concealment). o Civ. Code § 3294 — Punitive damages for fraud or oppression. o Welf. & Inst. Code § 15610.30 — Elder financial abuse (wrongful deprivation through fraud). o Welf. & Inst. Code § 15657.5 — Double damages, punitive damages, attorney fees for elder abuse. o Bus. & Prof. Code § 17200 — Unfair competition (unlawful, unfair, or fraudulent practices). These laws support my claims and show the magistrate's dismissal was erroneous.

9th Cir. Case No. _____                          Page 10

**Other Pending Cases.** Do you have any other cases pending in the court of appeals? If so, give the name and docket number of each case.

Yes — Jean Baranowski vs Abundant Investments LLC & Defendant ZBS LAW LP, Court of Appeals case #E083661 (Supreme Court case #CVPS2301882). This related state-court appeal is not pending in the Ninth Circuit Court of Appeals.
9.

**Previous Cases.** Have you filed any previous cases that the court of appeals has decided? If so, give the name and docket number of each case.

1o — I have not filed any previous cases in the Ninth Circuit Court of Appeals that have been

9th Cir. Case No. _____                    Page 11

decided. This is my first appeal in this court (Case No. 24-7164). I have no prior appellate history in the Ninth Circuit

**Jean Baranowski**_____

_____
Name                                                    Signature
                                                        /s/Jean Baranowski_____

_78365 Highway 111 #123 _____

_La Quinta _____

_CA 92253 _____

_____
Address                                                 Date March,26,2026

CASE:  CASE: PROPERTY OWNERSHIP, QUIET TITLE, ELDER ABUSE"

FACTS 2. What are the facts of your case? **CASE: PROPERTY OWNERSHIP, QUIET TITLE, ELDER ABUSE** **This case is all about a senior citizen whose home was stolen through a broken chain of title, fraud, elder abuse, and bad-faith bankruptcy filings by Deutsche Bank and its agents.**

 I. STATEMENT OF FACTS

 1. Jean Baranowski is the rightful owner of the residence commonly known as, 107 Cachanilla Court, Palm Desert, CA 92260 (the "Property"), the legitimate borrower of the mortgage loan acquired in July 2006 that the Property secures. SEE LOAN DOCS ATTACHED TO AFFIDAVIT (Esquivel Affidavit Exhibit 11 (48-page version for the first loan)) — Note payable to blank/unnamed payee (pp. 6-7) and DOT mentions it too on page 1 (underlined). 2. July 5, 2006 (Baranowski) signed closing documents at escrow, these documents included a Promissory Note. The Deed of Trust (contract to secure an indebtedness) encumbering the property at 107 Cachanilla Court, Palm Desert, Ca 92260 (the "Property"), was recorded at the Riverside recorder's office July 14, 2006 as instrument #2006-0515643. Both documents were sent to IndyMac Bank, F.S.B., Charted Savings Bank the Original Lender (owner) of Jean Baranowski loan for $645,000. Indymac F S B not named on Jean Baranowski's note, (payable to). Both documents imaged in IndyMac image system. The documents were registered with Mers Inc managed by the Banks Servicer. Baranowski Loan ("Debt") was Securitized. 3. Jean Baranowski's Promissory Note ("Note") has an incomplete stamping on the Note itself from IndyMac Bank, F.S.B., signed by Cynthia Prees as Assistant Vice President, made payable to an as of yet unnamed payee. EXHIBIT 1 (Esquivel Affidavit Exhibit 11 (48-page version for the first loan), pp. 6-7). 4. On or before IndyMac Bank F.S.B Charted Savings Bank went bankrupt records reveal prior to the 2008 FDIC receivership Baranowski payment stream (The Debt) was transferred between IndyMac entities identified in the IndyMac INDX Mortgage Loan Trust 2006-FLX1 ("INDX 2006-FLX1Trust pooled in IndyMac MBS: INDX 2006-FLX1 (DB) servicer of the MBS is Deutsche Bank National Trust Company EXHIBIT3 K8 The Trust a SPV created to issue mortgage-backed securities The Trust closing date was September 28, 2006. 5. IndyMac MBS, Inc Depositor for IndyMac Mortgage Loan Trust 2006-FLX1Trust is not named or referenced in any way on Jean Baranowski note neither is Deutsche Bank National Trust Company not in its individual capacity, but solely as Trustee. IndyMac MBS Inc Depositor for IndyMac Mortgage Loan Trust 2006-FLX1Trust is not named or referenced in any way on Jean Baranowski Deed of Trust either is Deutsche Bank National Trust Company named or referenced in any way on Jean Baranowski Deed of Trust (Esquivel Affidavit Exhibit 11 (48-page version for the first loan), pp. 2, 26-28). (Exhibit ....LETTER 2009 OWB: (I have the letter) 6. No evidence ownership interest was assigned to IndyMac MSB. Inc Deposit in the Jean Baranowski note from IndyMac F.S.B IndyMac Bank, F.S.B., Charted Savings Bank Indymac INDX Mortgage Loan 2006-FLX 1 never had ownership interest in Jean Baranowski note. 7. Without these transaction going through the proper parties, VALID transactions cannot take place and that would leave the trust without having properly secured assets for the certificate holders. On October 10, 2018, the beneficial interest under said Deed of Trust 12 twelve years after trust closing) is a sham and VOID ab initio. 8. later, was assigned to Deutsche Bank National Company("DB") as Trustee for IndyMac INDX Mortgage Loan Trust 2006-FLX1,

Mortgage Pass-Through Certificates Series 2006-FLX1 IndyMac INDX Mortgage Loan Trust 2006-FLX1,by Mers Beneficiary/solely as nominee for IndyMac Bank, F.S.B., Charted Savings Instrument #B ins# 2018-0401195.EXHIBIT 3#8-3b 9. Jean Baranowski Assignment of Deed of Trust was recorded on October 10, 2018, which is twelve (12) years after the Trust closed on or about September 28, 2006, This is legally impossible. There was no true sale of the Jean Baranowski Mortgage Loan caused through the Jean Baranowski Corporate Assignment of Deed of Trust The 2018 Corporate Assignment was NOT signed by IndyMac** — it was signed by Jacoby D. Waters (employee of Ocwen Financial) for MERS (Ocwen robo-signer) with no stamp ). MERS had zero authority from the bankrupt IndyMac. The Trust never owned the debt (broken chain, UCC § 3-301) The 2006 transfers between entities occurred prior to the 2008 FTIC receivership of IndyMac. Consequently, the 2018 assignment purports to transfer beneficial interest directly from the now-defunct IndyMac Bank, FSB, through MERS as nominee for IndyMac FSB, its successors and assigns, to Deutsche Bank. This was not done through the proper parties and was not done properly. There was no true sale of the Jean Baranowski Mortgage Loan through the Corporate Assignment of Deed of Trust. The 2018 assignment is VOID ab initio — a legal nullity from the moment it was signed — not merely voidable or a mistake. The chain of title is broken, the 2018 assignment is void and fraudulent, and Deutsche Bank never acquired any valid beneficial interest or authority to foreclose. (See Glaski v. Bank of America (2013) 218 Cal.App.4th 1079; Yvanova v. New Century Mortgage (2016) 62 Cal.4th 919; New York EPTL § 7-2.4).Furthermore, if the Bank owned the note 2006 why they would not need a 2018 assignment IndyMac INDX Mortgage Loan Trust 2006- FLX1 is not named or referenced in any way on the Jean Baranowski Note and Deed of Trust. 10. IndyMac INDX Mortgage Loan Trust 2006- FLX1 is not named or referenced in any way on the Jean Baranowski Note and Deed of Trust. 11. Jean Baranowski's loan instruments, and all available documents recorded in the Riverside County records associated therewith, there is no evidence or indication that IndyMac INDX Mortgage Loan Trust 2006-FLX1 **ever acquired ownership rights**, to the Jean Baranowski's loan, Note, Deed of Trust, the debt evidence thereby and/or real property secured thereby (**Trust, the debt evidence thereby and/or real property secured thereby**) (Esquivel Affidavit Exhibit 11 (48-page version for the first loan), pp. 2, 11, 26-28). 12. As IndyMac INDX Mortgage Loan Trust 2006-FLX1 has never acquired rights to the Jean Baranowski's Note and Deed of Trust, those rights cannot be transferred to another party. Historically, An Assignment of a Deed Of Trust without an assignment of the Debt create no right in the assignee 13. No proof, or even a showing, of any proper transfer of the debt obligation (purportedly evidenced by the note) along with proper transfer of collateral rights in the real property (purportedly evidenced by the Deed of Trust). In fact, There is no evidence that suggests the Jean Baranowski note was properly transferred simultaneously with any purported transfer of the beneficial rights in the Jean Baranowski Deed of Trust. 14. On or before 2019 the Mortgage adjustable loan rate payments had increased to $6,000 p/m 15. DB would not take the house back The reason why, they gave me a loan modification not to help the homeowner but to legitimize broken chain of title issues they were afraid to put their name on the deed , They knew that the 2018 assignment etc was void they needed me to sign a loan mod tricking me that I ratified the debt acknowledging DB is the owner I resisted the Loan mod Their financial scheme resulted in where I am today my house being hijacked by my real estate agent for four years now while I am senior citizen being displaced no home to come back to. Other concerns what happened to my payments I made all these years if my note was blank and IndyMac went Bankrupt in 2008 who had the physical paper between 2008 to 2018 the chain of

custody how did it move from Indymas vault to the trust vault If they cannot produce the one with the blank signature or wet ink signature they do not have the right to foreclose produce . 16. Deutsche Bank National Trust Company as Trustee for the IndyMac INDX Mortgage Loan Trust 2006-FLX1 not in its Individual Capacity but solely as Trustee for Indy INDX Mortgage Loan Trust 2006-FLX1 Mortgage Pass-Through Certificates Series 2006-FLX1 and PHH Corporation is not named or referenced in any way on the Jean Baranowski's Note. No proper transfer of the debt was done and recorded with the Riverside Record office. Those rights cannot be transferred to another party. 17. Without these transactions going through the proper parties, valid transactions can not take place and that would leave the trust without having properly secured assets for the certificate holders. 18 An assignment of trust deed is necessary if a lender sells a loan secured by a trust deed. It assigns the trust deed to whoever buys the loan (such as another lender), granting them all the rights to the property. It is recorded along with the genuine original, making it a matter of public record. No such public records found. 19. The Substitution of Trustee (TSG) documents (three pages, the first page covering the 1st loan) confirm that the Deed of Trust was never properly assigned and sat in MERS for years with no valid transfer. The TSG refers to the 1st loan as well; no assignments or recordings were required to file with the Recorder's office — the proof shows only the 2018 assignment per TSG page 1. If the Deed was not assigned since or never, then I am still the rightful owner of the property. The 2018 assignment and 2020 Loan Modification are fraud. **#9 is correct and ties in with the investigators' findings on the broken chain and robo-signing.** The 2018 Assignment of Deed of Trust (recorded October 10, 2018 — 12 years after trust closing) is a sham and VOID ab initio. It purports to transfer beneficial interest directly from the now-defunct IndyMac Bank, FSB, through MERS as nominee for IndyMac FSB, its successors and assigns, to Deutsche Bank. This was not done through the proper parties and was not done properly. MERS employees robo-signed the document with no actual authority. Deutsche Bank had zero ownership and was attempting to manufacture standing after the fact. The 2018 assignment is a legal nullity — not merely voidable or a mistake — and broke the chain of title forever (Glaski v. Bank of America (2013) 218 Cal.App.4th 1079; Yvanova v. New Century Mortgage (2016) 62 Cal.4th 919; New York EPTL § 7-2.4; Pribus v. Bush (1981) 118 Cal.App.3d 1003). **DB/PHH improperly listed my own loan AND ADDED MY NAME WITHOUT CONSENT in Taurean's BK filings (Proof of Claim pages in BK #6:26-bk-11284-SY and prior filings — see Exhibits 9), allowing Taurean (who has zero interest in the note or property) to trigger the automatic stay and block foreclosure — the BK judge expressly reprimanded the team for this collusion.** The SOT was executed on a Washington form (not a California form) in violation of California Civil Code § 2934a, which governs the substitution of trustee for California deeds of trust and requires compliance with California execution and recording requirements. 20. Taurean Wright filed three bad-faith bankruptcy cases to stall foreclosure on my loan: BK #1 6-24-bk-17273-WJ Dismissed (did not file schedules) BK #2 6-25-bk-11843-SY Dismissed (bad faith) attempting to pay off my first loan BK #3 6-26-bk-11284-SY (bad faith pay off my loan on my house and my rent order $83K he wants my house and my rent living there 4 years free)

The property is currently valued at $1.2M with a loan balance of only $670K, creating massive equity that Taurean is attempting to steal, plus unpaid rent of $3,400 per month plus interest and late fees accruing on an accrual basis. The SOT I filed in Bankruptcy and all new events (PHH fraud, false 1098, unauthorized changes, trustee call, no sale, Taurean's repeat BK #6:26-bk-11284-SY filed 2/24/2026 — bad-faith filing on the void 1st loan to block foreclosure) are

incorporated herein and will be added via Motion to Supplement. This ongoing prejudice from the same fraudulent chain is also the subject of Plaintiff's pending Abundant Investments cases (Riverside Superior Court CVPS2301882 and the related 4th Appellate District appeal filed 4/11/2024). Police report # T26057-0089 and DA criminal investigation notice (full DA report will be filed separately later) — EXHIBIT 10.

21. On or about December 2022, WFG National Title Ins Co prepared Trustee Sale Guarantee ("TSG") legal document requested by Deutsche Bank and ZBS LAW EXHIBIT 5 …. 22. TSG findings determined only one assignment under said deed of trust was assigned 2018 no other public recorded as of the date of this report. It identifies that Jean Baranowski's debt is in the IndyMac INDX Mortgage Loan Trust 2006-FLX1 ("INDX 2006-FLX1Trust") (#) 23. On or about May, 13, 2025, Case 6:25-bk-11843-SY Doc 23 was filed. Entered 05/13/25 15:32:12 EXHIBIT 6 24. Deutsche Bank National Trust Company As Trustee For INDYMAC INDX Mortgage Loan Trust 2006-Flx1, Mortgage Pass-Through Certificates Series 2006-Flx1, by and through its authorized loan servicing agent, PHH Mortgage (collectively the "Creditor"), secured creditor of the above-entitled debtor, Sonita C Angeles ("Debtor"), EXHIBITS 6-1. This is Fraud Filing fraudulent documents with the court is a felony, Deutsche Bank is abusing the integrity of this court. Baranowski requests Deutsche Bank be Sanctioned. Using a Senior Citizen for their fraudulent loan activities she knows nothing about. Ms Angeles bankruptcy attorney said those are fraudsters and Taurean Wright not questioning the banks actions instead going along. They should both be held accountable. 25. Furthermore DB allowed a 3rd party to pay off Jeans Baranowski 1st loan knowing it is illegal misleading the Judge in the second Bankruptcy Judge reprimanded DB the case was dismissed

**SECOND LOAN (2021 Abundant Investments Assignment & 2nd Lien)**

In October 2006, an unauthorized 2nd loan (HELOC) was recorded against Jean Baranowski's property without my knowledge. I never applied for the loan and never signed an application — this was an internal equity scheming scheme by the originating lender IndyMac. A notary came to my office unannounced and had me sign documents under duress. She would not leave the office until I signed. I told her I did not want the loan. They never cancelled the loan; instead they sent the funds. I contacted escrow. The purpose of the loan was to securitize the 2nd. IndyMac maxed my house equity 100% and for all these years my house was underwater. The HELOC interest rate was at 13%. I never got a copy of the documents (notary coercion), making the loan void from inception (fraud in the factum, Civil Code § 1571). The TSG, securitization analysis, and title report truly show the broken chain of title and lack of beneficial interest. **Abundant Investments acquiring the 2nd lien after all 15 years in 2021 is legally impossible** — DB acquired the note from IndyMac prior to it going into receivership. IndyMac went bankrupt in 2008. A Trust was created in 2007. No assignment or recordings were ever filed with the Recorder's office, the trust had closed in 2007, and the chain was already void (see TSG page 1). Abundant tried to foreclose on the second; I filed Bankruptcy to stop the foreclosure. My BK attorney requested my package of the 2nd loan as they claimed they were the owners; they refused to give it. A legal document from ZBS Law, the substitute trustee (SOT signed in Washington on a CA form — which is illegal), was included in their foreclosure — they filed 210 pages asking the judge to lift the automatic stay. It was in those documents that I found the TSG. Abundant Investments / ZBS Law knew about the TSG while my case was still open in the

trial court. Abundant Investments' attorney hid it from the judge — this is proof of concealment. I am filing a criminal complaint against Abundant Investments for the 2nd loan. They used a fraudulent loan (2nd) under duress/notary coercion and used that fraudulent loan with a fraudulent broken chain. They knew the TSG dated 12/2022 clearly shows AINV concealed information. The documents misled the CA trial judge and the BK judge in case 6:23-bk-13914-WJ (TSG Doc 26-1 filed 9/5/23). Abundant Investments sold the second to the renters/squatters in my house who used my rent money to buy my house. Abundant Investments caused me irreparable harm. I am homeless. Taurean Wright filed 3 BKs to stall foreclosure: BK #6:25-bk-11843-SY (dismissed Dec 9, 2025 with judge reprimand), and BK #6:26-bk-11284-SY (filed Feb 24, 2026). Loans were securitized improperly (no endorsement/delivery, trust closed 2007 — UCC § 3-301, Civ. Code § 2924 — no standing). The 2018 assignment is void (late, robo-signed — Glaski/Yvanova). Taurean/Sonita squatted rent-free for 4 years, causing $83,197 in lost rent, plus elder abuse (§ 15610.30). PHH made unauthorized changes and issued false 1098s — identity theft (§ 530.5), fraud (§ 1572). Collusion: DB/PHH added my loan to Taurean's BK — dismissed Dec 9, 2025 (Exhibit F). Trustee filed 3rd BK Feb 23, 2026: I notified no standing — reviewed letter (Exhibit G), stopped sale. Taurean Eugene Wright installed solar panels on the house while I was out of state without my knowledge and consent — SunPower solar lease scam without consent (fraud § 484). District court dismissed without amendment, with prejudice. This is its own affidavit and separate issues from the 1st loan. Abundant Investments wrote over the document claiming it is the original loan I signed — this is fraud. The 2014 assignment is bogus and was added to their chain of title to foreclose. The TSG (BK# 6:23-bk-13914-WJ, Doc 26-1 filed 9/5/23) shows DB also had no beneficial interest in the 2nd loan. Abundant used this TSG to get an automatic stay and pursue foreclosure while my trial court case was still open — proof of concealment and bad faith by Abundant/ZBS. The DA is looking at the second loan by Abundant Investments as a criminal case. I have a police report. Abundant Investments had **no beneficial interest** (per TSG + Esquivel affidavit) and therefore committed **wrongful foreclosure** — in California you must prove you are the beneficial interest holder to foreclose and Abundant never did. At trial the Judge asked Abundant Investments' attorney to provide me my loan documents/the package. I wanted to see the application for the loan I never applied for etc.; she made an excuse "will provide during the discovery phase." **She lied.** ZBS Law, as trustee for Abundant Investments (a named defendant/appellee in this action and the related Abundant Investments case I am suing), and Deutsche Bank requested and obtained the TSG. ZBS Law knew the TSG showed DB had no beneficial interest and the chain was broken, but intentionally concealed it from the trial judge while using it in bankruptcy to obtain a stay and pursue foreclosure — an intentional act of bad faith and concealment while the trial court case remained open. ZBS Law knew about the TSG but foreclosed anyway and gave Taurean the title. I want the title back. The loan documents were signed under duress and notary coercion, voiding the loan from inception (fraud in the factum Civil Code § 1571). The 2014 assignment is robo-signed by Wendy Traxler (known robo-signer with no actual authority), making it void. Abundant Investments sold my property to my real estate agent/squatter (Taurean, her client). Taurean used my rent money to buy my house — that is theft. There was sufficient equity when they sold the house to Taurean (property value approximately $850,000 with loan balance only $112,000 due to Abundant Investments), but Abundant Investments sold the 2nd lien at auction for $295,000 — all they took was what was owed to A/Inv. IndyMac originally charged me 13% interest; A Inv charged the same. The irrefutable harm A/Inv caused me as a senior is elder abuse — I am displaced, homeless, with no home to go back to. The renter/squatters (Taurean) has

since filed 3 BKs (2 dismissed, 1 just filed 2/25/2026) to illegally pay off my first loan. The loan contract I signed is between myself and IndyMac — it is illegal for him to allow Taurean to pay off my loan. The judge reprimanded DB who allowed Taurean to pay off my loan. The 2nd case was dismissed and now Taurean is filing again with the same attorney, same judge, and same trustee. The judge gave me an $83k order for Taurean Wright to pay me rent up to 12/2023. Taurean added it to the BK and still owes me rent from then to now while he is still living in the house for free. Abundant Inv owner's name is Sandor William Lau. He had a charity business and is now a debt buyer from Oregon with multiple homes in the USA. Corporate office unknown (Esquivel Affidavit Exhibit 11 (55-page updated version, different date for the second loan), pp. 1-55 for full supporting analysis).

**Jean Baranowski**_____          _____

Name                                                    Signature

                                        /s/Jean Baranowski\_\_\_\_

\_78365 Highway 111 #123 _____

\_La Quinta _____

\_CA 92253 _____          _____

Address                                                  Date March,26,2026